UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| | :     3:08 CR 132 (CFD) |
| v. | : |
| | : |
| ROBERT LONGHI | : |
|     Defendant. | : |
| | : |

## RULING

Robert Longhi has been charged by a two count superceding indictment with possession of a firearm and ammunition by a convicted felon in violation 18 U.S.C. §§ 922(g)(1) and 924(e). By motion dated July 25, 2008, Longhi moved to suppress evidence obtained as a result of the February 15, 2008 search of his home and requested an evidentiary hearing on this motion.[1] Longhi argues that the search warrant was invalid because the supporting affidavit was intentionally misleading. For the reasons described below, Longhi's request for an evidentiary hearing and his motion to suppress evidence obtained during the search of his home are denied.

**I.     Background**

On February 15, 2008, Sergeant Jeffrey Covello and Detective Brian Narkewicz of the Connecticut State Police applied for a warrant to search Longhi's residence at 507 Prospect Street in Torrington, Connecticut. The application for a search warrant was supported by an

---

[1] Longhi's standing to challenge the search of his home is not contested.

affidavit[2] describing Covello and Narkewicz's reasons for believing evidence of criminal possession of a firearm and stolen property would be found at Longhi's home.

The affidavit described information that a confidential informant ("CI") had provided to the officers in meetings held "during the time period beginning February 04, 2008 and ending February 15, 2008."[3] Covello & Narkewicz Aff. ¶ 3. The CI told the officers that she[4] "was in the company of Longhi during the week beginning February 04, 2008 ending February 08, 2008, and has observed him actively trading and bartering with narcotics, specifically crack, in exchange for money and or goods." Id. The affidavit recounted information that the CI provided about various goods allegedly "stolen from homes in recent burglaries in the Northwest corner of Connecticut." Id. Further, the affidavit described the CI's observation of "several guns, both long and pistol type in [Longhi's] residence," including the following:

> an Assault Rifle, which Longhi reported to the "CI" as being capable of full auto, "if I remove the clip". Longhi described this gun as an "AK"[-47]. Longhi also displayed a sawed-off shotgun which he said had the serial numbers filed off. The "CI" did report to have observed the numbers to be filed off a "black long gun with two handles" and "a cut barrel." The "CI" reported that Longhi said "this one is definitely illegal", referring to the shotgun.

Id. Next the affidavit reported that "based on personal knowledge[,] the 'CI' stated Longhi has a cache of crack cocaine available on a regular basis for use, sale, or bartering for property at the residence." Id. at ¶ 5. Lastly, the affidavit reported information the CI provided about a

---

[2] The affiants were both Covello and Narkewicz.

[3] The Government has since clarified that the interview on which the affidavit was partly based lasted approximately one hour, and was recorded. Gov't Second Resp. at 2.

[4] The affidavit did not identify the CI as male or female, but this opinion will refer to the CI as a female.

surveillance system around Longhi's home, Longhi's trade as a plumber, and the ownership status of Longhi's residence. Id. at ¶¶ 3, 9.

In addition to the information the CI provided about Longhi's alleged criminal activities, the affidavit contained information intended to serve as a basis for crediting the CI's statement. In particular, the affidavit in one paragraph stated that the CI "provided investigators with information [] which has proven truthful and found to be accurate." Covello & Narkewicz Aff. ¶ 3. In a later paragraph, the affidavit stated that the CI "provided information relative to three burglaries perpetrated in the Northwest corner of Connecticut. That the information was particular to the locations and some of the items taken and that the information was independently corroborated by law enforcement to be accurate." Id. at ¶ 5. The affidavit further stated that the CI "provided information to detectives against his/her own penal and personal interest" in that "he/she relayed to the affiants that he/she has smoked crack cocaine in the past and has personally witnessed Longhi 'cooking' and smoking crack cocaine in the basement [of his residence]." Id. Finally, the affidavit explained that "no promises were made to the 'CI' for his/her cooperation and in fact he/she specifically asked that the affiants not speak with the State's Attorneys office about pending criminal charges." Id.

A Connecticut Superior Court Judge signed the search warrant and the search was executed on February 15, 2008. The officers seized from Mr. Longhi's residence, among other things, three firearms and a variety of ammunition, jewelry, and electronic merchandise. Longhi argues that the Court should suppress the seized evidence and conduct an evidentiary hearing to determine whether Officers Covello and Narkewicz made materially misleading representations or omissions in their affidavit.

**II.     Legal Standard**

The Fourth Amendment prohibits "unreasonable searches and seizures," and its "Warrants Clause" mandates that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. The Supreme Court has held that "[t]here is . . . a presumption of validity with respect to the affidavit supporting [a] search warrant." Franks v. Delaware, 438 U.S. 154, 171 (1978).

The Supreme Court in Franks v. Delaware held that a defendant may challenge the validity of a search warrant on the basis that the supporting affidavit contains deliberately or recklessly false or misleading information. 438 U.S. at 164-72; see also United States v. Awadallah, 349 F.3d 42, 64 (2d Cir. 2003) ("In certain circumstances . . . a defendant may challenge the truthfulness of factual statements made in the affidavit, and thereby undermine the validity of the warrant and the resulting search or seizure."). In order to obtain an evidentiary "Franks hearing," the "defendant must make a substantial preliminary showing that: (1) the warrant affidavit contains a false statement or material omissions that makes the affidavit misleading; (2) the false statement or material omission was the result of the affiant's deliberate falsehood or reckless disregard for the truth; and (3) the false statement or material omission was integral or necessary to the judge's probable cause finding." United States v. Martin, 426 F.3d 68, 73-74 (2d Cir. 2005).[5] The defendant's "attack must be more than conclusory and must be

---

[5] Because the Court finds that Longhi has not made a preliminary showing of falsity, it does not address the question of whether, setting aside the allegedly misleading statements, probable cause existed to support a search warrant.

supported by more than a mere desire to cross-examine." Franks, 438 U.S. at 171. The allegations of deliberate falsehood or reckless disregard for the truth "must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained." Id. Finally, "[a]llegations of negligence or innocent mistake are insufficient." Id.

### III. Sergeant Jeffrey Covello and Detective Brian Narkewicz's Affidavit

Longhi argues that Officers Covello and Narkewicz intentionally misled the Superior Court into authorizing a search of Longhi's home by misrepresenting or omitting key facts in the affidavit. First, Longhi argues that the affiants were intentionally vague in explaining exactly how the officers had corroborated the CI's past information. Longhi asserts, "on information and belief," that "the 'CI' had never before provided information to the police that was relied upon to support an application for a search warrant and hence had never before been 'proven truthful' or 'found to be accurate.'" Def. Mem. at 5. Longhi argues that the affiants "artfully" wrote their affidavit to imply, without actually stating, that the CI provided corroborated information in the past. Id. Second, Longhi argues that the affiants were intentionally imprecise in detailing exactly when the CI claimed to see Longhi's guns and his dealing in drugs and stolen goods. Id. at 6. Longhi asserts that these statements were misleading in that they were intended to imply that it was during the CI's visits with Longhi between February 4, 2008 and February 8, 2008, as opposed to at a prior time, that the CI saw Longhi trading and bartering with narcotics and saw

Longhi's firearms. Id. Longhi claims, on "information and belief," that the CI did not see Longhi trading drugs for money or goods during that week in February. Id. Again, Longhi argues that the affiants "artfully" wrote their affidavit to imply, without actually stating, that the CI had seen Longhi's guns and drug trade during the week of February 4, 2008 through February 8, 2008, when in reality the CI had provided information that she had not seen the guns and drugs that recently, but on a prior visit to Longhi's home. Id.

The Court denies Longhi's request for an evidentiary hearing because he has not made a substantial preliminary showing that the affidavit was intentionally or recklessly false or misleading. Longhi's "on information and belief" allegations of falsity fall short of the substantial preliminary showing necessary to overcome the affidavit's "presumption of validity" and justify an evidentiary hearing. See Rivera v. United States, 928 F.2d 592, 604 (2d Cir. 1991).

Longhi does not provide any support for his assertion that the officers intentionally misled the issuing court by implying that the CI provided corroborated information in the past. Instead, Longhi simply asserts, "upon information and belief," that "the 'CI' had never before provided information to the police that was relied upon to support an application for a search warrant and hence had never before been 'proven truthful' or 'found to be accurate' after the search was conducted." Id. at 5. Longhi offers no proof, in the form of "affidavits or sworn or otherwise reliable statements" to explain on what basis he believes the affiants lied to or misled the Superior Court about the CI's past performance. See Franks, 438 U.S. at 171. Longhi also fails to explain the absence of such offers of proof, as the standard demands. Id. Longhi's assertion is exactly the kind of "conclusory" accusation, motivated by an apparent "mere desire

to cross-examine," that the Court in Franks held insufficient to warrant a hearing. See id. Without more from Longhi, there is no basis for questioning the affiants' representation that the CI had in the past provided information that was corroborated by police.

Longhi also claims that the two page written statement provided by the CI on February 13, 2008, shows that much of the information in the affidavit did not come from the CI, but was fabricated by the affiants. However, the CI's written statement provided to Covello and Narkewicz also is not indicative of misrepresentation. This written statement was only in part based on the CI's earlier interview, and it did not include all of the details of that prior interview. To the extent of the details it did provide, it was consistent with the interview and affidavit. See Gov't Ex. 2.

Longhi also offers no proof in support of his claim that the affiants "artfully" wrote their affidavit to imply, without actually stating, that the CI saw Longhi's guns and narcotics trading during the week of February 4, 2008 to February 8, 2008 instead of at some time prior to that week. Longhi has submitted neither an affidavit stating the basis for his assertion nor an explanation for the lack of an offer of proof. Moreover, the CI's written statement of February 13, 2008, states that she had been at Longhi's home the Wednesday before she gave the statement, and had seen the firearms then. Gov't Ex. 2. Because Longhi failed to make a preliminary showing of falsity, and because there is probable cause on the face of the affidavit, a Franks hearing is not warranted.

## IV. Conclusion

Longhi's motion [#21] for an evidentiary hearing and to suppress evidence obtained

during the February 15, 2008 search of his home is denied.

SO ORDERED this 26th day of September 2008 at Hartford, Connecticut.

/s/ Christopher F. Droney
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**